UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA M. BUTLER,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 17-10927

HON. GEORGE CARAM STEEH

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (Doc. 19)

On August 6, 2018, Magistrate Judge Anthony P. Patti issued a report and recommendation in this action for social security disability insurance benefits. Magistrate Judge Patti recommends that the court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's decision. Plaintiff, Dana Butler, filed objections to the report and recommendation, to which the Commissioner has responded.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## ANALYSIS

Plaintiff's application for social security disability benefits was denied after a hearing before an administrative law judge, which became the final decision of the Commissioner. The ALJ found that Plaintiff suffers from the following severe impairments: lumbar spine strain, right shoulder tendinitis, adjustment disorder, and reactive depression. The ALJ further determined that although Plaintiff could not return to her past relevant work as a teacher or mail handler, she has the residual functional capacity to perform sedentary work with certain restrictions. Magistrate Judge Patti, upon review of the record and the parties' cross-motions for summary judgment, recommends that the court affirm the Commissioner's decision. Plaintiff raises three objections to the magistrate judge's report and recommendation.

A. <u>Objection No. 1</u>

Plaintiff complains that the ALJ gave "little weight" to the opinion of her treating psychologist, Richard Caprio, Ph.D. The ALJ found that "with the exception of his first exam, the treating notes from Dr. Caprio contain exclusively subjective complaints by Claimant. . . . [A]t the time of that first exam by Dr. Caprio, Claimant was found to have a GAF score of 60, indicating a much higher level of functioning than would be indicated by [Dr.

Caprio's] statement." (Doc. 9-2 at PageID 57.)  The magistrate judge determined that the ALJ did not err in discounting Dr. Caprio's statement, because "Dr. Caprio failed to provide a supported opinion consistent with record evidence." (Doc. 19 at 20.)  Although Plaintiff asserts that "the very nature of psychological treatment is verbal," she has not identified the error in the ALJ's or the magistrate judge's assessment of Dr. Caprio's statement.  *See Kepke v. Comm'r of Soc. Sec.*, 636 Fed. Appx. 625, 629-30 (6th Cir. 2016) ("Regardless of inherent subjectivity in the field of psychiatry, a doctor cannot simply report what his patient says and re-package it as an opinion.").  Plaintiff's objection is without merit.

B. Objection No. 2

Plaintiff also objects to the ALJ's decision to afford little weight to the opinion of consultative examiner and psychologist Terrance Mills, Ph.D.  Dr. Mills found that Plaintiff has moderate impairments in her ability to understand, retain, and follow simple instructions, and to perform basic, routine, and tangible tasks.  The ALJ gave little weight to Dr. Mills' opinion because Plaintiff's "testing at the time revealed she had only minimal limitations with activities of daily living." (Doc. 9-2 at PageID 55.)  The ALJ noted that testing revealed that Plaintiff only had minor issues with memory and that she was able to do calculations and serial sevens.

The magistrate judge found that Plaintiff did not adequately develop her argument or identify the error in the ALJ's decision to discount Dr. Mills's opinion. The magistrate judge concluded that substantial evidence supported the ALJ's decision. Plaintiff argues that Dr. Mills's opinion is entitled to greater weight because it is consistent with the treatment records of Dr. Caprio. As discussed above, the ALJ properly discounted Dr. Caprio's records as merely a report of Plaintiff's subjective complaints. The court finds no error in the ALJ's thorough assessment of Dr. Mills's opinion, which is supported by substantial evidence.

C. <u>Objection No. 3</u>

The ALJ determined that Plaintiff "is not found to be fully credible" because her "alleged impairments are not fully supported by the medical records, and her actual activities of daily living are inconsistent with her complaints. Her required treatments have been routine and conservative, and her prescribed treatment and medications have resolved or improved her condition." Magistrate Judge Patti found that the ALJ's assessment was supported by substantial evidence in the record. Plaintiff objects to the ALJ's credibility determination, arguing that her impairments are supported by the medical record. Although Plaintiff disagrees with the ALJ's credibility determination, she has not made the required showing that his assessment

is unsupported. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("[A]n ALJ's assessment of a claimant's credibility must be supported by substantial evidence."). The ALJ thoroughly reviewed the medical records and Plaintiff's testimony and provided reasons supported by substantial evidence for his credibility determination. Under these circumstances, the ALJ's credibility determination is entitled to deference. *See id.* ("[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."). The court finds no error in the magistrate judge's conclusion that the Plaintiff failed to demonstrate a flaw in the ALJ's credibility determination. Plaintiff's objection is without merit.

## CONCLUSION

The court agrees with the magistrate judge's comprehensive and well-reasoned analysis. Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Patti's report and recommendation (Doc. 19) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Doc. 12) is DENIED, Defendant's motion for summary judgment

(Doc. 16) is GRANTED, Plaintiff's objections (Doc. 20) are OVERRULED, and the final decision of the Commissioner is AFFIRMED.

Dated: September 4, 2018

                                     s/George Caram Steeh
                                     GEORGE CARAM STEEH
                                     UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 4, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk